NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, *et al*., <br><br> Plaintiffs, <br> v. <br> THE UNITED KINGDOM MUTUAL STEAM SHIP ASSURANCE ASSOCIATION (EUROPE) LIMITED., <br><br> Defendant. | Civil Action No.: 21-00186 <br><br> **ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion to remand, pursuant to 28 U.S.C. § 1447(c) and the Saving to Suitors Clause of 28 U.S.C. § 1333(1), filed by plaintiffs Travelers Property Casualty Company of America, Lloyd's Syndicate 2003 for the 2017 YOA, Catlin Syndicate Limited, Swiss Re International SE - UK Branch, Starr Indemnity & Liability Company, Inc., Atlantic Specialty Insurance Co., Amtrust Lloyd's Syndicate 9577, the Continental Insurance Company, Navigators Insurance Company, RiverStone Syndicate 1897, XL Specialty Insurance Company, and United States Fire Insurance Company ("Plaintiffs").  ECF No. 4.

**WHEREAS** defendant, United Kingdom Mutual Steam Ship Assurance Association (Europe) Limited ("Defendant"), opposed Plaintiffs' motion (ECF Nos. 5, 7), and Plaintiffs replied (ECF No. 6).  In the alternative, Defendant requests that, if the Court grants Plaintiffs' motion to remand, it should "certify the order for interlocutory review under 28 U.S.C. § 1292(b)." ECF Nos. 5 at 7; 7, 13; and

**WHEREAS** Magistrate Judge Edward S. Kiel issued a Report and Recommendation ("R&R") concluding that Plaintiff's motion to remand should be granted and that this case should be remanded to the Superior Court of New Jersey, Hudson County ("Superior Court") (ECF No.

12). The R&R also concluded that the Court should deny Defendant's request to certify this Order for interlocutory review (*Id.*). Defendant subsequently objected to, and Plaintiff replied in support of, the R&R (ECF Nos. 13, 14);[1] and

**WHEREAS** where, like here, a party objects to a report and recommendation, the district court must make "a *de novo* determination of those portions to which the litigant objects" (*see Ionfrida v. Babick*, No. 20-15585, 2021 WL 2177514, at *2 (D.N.J. May 28, 2021) (citations omitted)), and the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may also receive further evidence or recommit the matter to the magistrate with instructions." *Id.*; and

**WHEREAS** for the reasons discussed below, after performing a *de novo* review of the record, the Court adopts Magistrate Judge Kiel's recommendations set forth in the R&R (ECF No. 12); and

**WHEREAS** on December 10, 2020, Plaintiffs filed their Complaint in this action in the Superior Court (Civil Action Index No.: HUD-L-004552-20), generally alleging that Defendant failed to contribute co-insurer payments to Plaintiffs in connection with payments that Plaintiffs made to an off-shore barge that was insured by both Plaintiffs and Defendant following a fire and resulting damage aboard the barge. ECF No. 1, Ex. 2; and

**WHEREAS** on January 6, 2021, Defendant removed this action to this Court pursuant to 28 U.S.C. § 1441(a) (ECF No. 1), which permits a defendant to remove an action brought in state

---

[1] Plaintiffs also moved for attorney's fees and costs should this case be remanded (ECF Nos. 4, 6 at 9–11). Plaintiffs, however, did not subsequently object to Magistrate Judge Kiel's conclusion in the R&R that their request be denied (ECF No. 14). As such, the Court adopts Magistrate Judge Kiel's recommendation that Plaintiffs' motion in this respect be denied (ECF No. 12).

court to the federal district where that state court is located if the federal court maintains original subject matter jurisdiction over the case. *Id.* Defendant asserts that the action is removable because this Court maintains subject matter jurisdiction under 28 U.S.C. § 1333(1) (ECF No. 1 at ¶¶ 4–9), which grants original subject matter jurisdiction for *in personam* admiralty actions, such as the case at bar,[2] to the federal courts. *Glazer v. Honeywell Int'l. Inc.*, No. 16-7714, 2017 WL 1943953, at *3 (D.N.J. May 10, 2017) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 372 (1959)); and

**WHEREAS** in their motion to remand (ECF No. 4), Plaintiffs argue that removal was improper because the filing of their Complaint in the Superior Court stripped this Court of its original subject matter jurisdiction over this action pursuant to the Saving to Suitors Clause under 28 U.S.C. § 1333(1) ("The district courts shall have original jurisdiction . . . [of] [a]ny civil case of admiralty [] jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*.") (emphasis added). As Magistrate Judge Kiel stated, while the "plain meaning" of the Saving to Suitors Clause is not "intuitive," courts in this district have interpreted the Clause to prevent removal of *in personam* admiralty actions initially brought in state court absent an "independent basis" for federal subject matter jurisdiction, aside from the jurisdiction maintained under 28 U.S.C. § 1333. *See Glazer*, 2017 WL 1943953, at *3 ("[A]dmiralty cases do not fall within [28 U.S.C.] § 1331's federal question jurisdiction and therefore are not removable absent an independent basis for jurisdiction.") (citing *Romero*, 358 U.S. at 368); *Shernoff v. Morgan Marina, Inc.*, No. 09-01353, 2009 WL 901881, at *1 (D.N.J. Mar. 31, 2009) (remanding

---

[2] This case is an *in personam* action as it has been brought against Defendant, an insurer, rather than against the barge itself. *See Madruga v. Superior Ct. of Cal.*, 346 U.S. 556, 560–61 (1954) (affirming a judgment declaring that a state court had jurisdiction in an admiralty action, as ''plaintiffs' quarrel was with their co-owner, not with the ship'').

an *in personam* admiralty action initially filed in state court pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333(1)); *see also Adm'r Ad Prosequendum for Est. of Saravia v. Bayonne Dry Dock & Repair Corp.*, 492 F. Supp. 3d 345, 353 (D.N.J. 2020) (remanding an admiralty action for having been removed in violation of the Saving To Suitors Clause where there existed no independent basis for subject matter jurisdiction, and holding that "[i]t is the 'unquestioned aim' of the saving-to-suitors clause to preserve the concurrent jurisdiction of state courts in admiralty actions.") (quoting *Romero*, 358 U.S. at 372). Thus, Plaintiffs assert that remand of this matter is appropriate under the Saving to Suitors Clause because Defendant had no independent jurisdictional basis for removal (ECF No. 4 at 3–8). *See* 28 U.S.C. §1447(c) ("If . . . the district court lacks subject matter jurisdiction, the case shall be remanded."); and

**WHEREAS** in response, Defendant claims that the 2011 Amendment to the federal removal statute, 28 U.S.C. § 1441 (the "Amendment"), "negates" any requirement under the Saving to Suitors Clause that an independent basis for jurisdiction other than admiralty must exist for a case to be removed. ECF Nos. 5 at 2–7, 13 at 2–7 (arguing that the Supreme Court's decision in *Romero* was decided before the Amendment and is therefore "no longer relevant with respect to the removal issue"); and

**WHEREAS** prior to the Amendment, § 1441 provided that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right *arising under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties. *Any other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2011) (emphasis added). Courts interpreted admiralty cases as constituting "any other such action[s]," and not arising under the Constitution, treaties, or laws of the United States. *Glazer,* 2017 WL 1943953, at *3; and

**WHEREAS** § 1441 now provides:

A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).  Thus, the Amendment eliminated any distinction between the removability of claims "arising under the Constitution, treaties or laws of the United States" and "[a]ny other such action[s]." *Id.*  Defendant argues that the Amendment was intended to extinguish the right of a plaintiff in an *in personam* admiralty action to object to removal, effectively eliminating the Saving to Suitors Clause; and

**WHEREAS** Defendant's argument lacks merit.  Numerous federal district courts have held that the Amendment "did not disturb the settled principle that Section 1333's savings-to-suitors clause allows a plaintiff to prevent removal where the only basis for federal jurisdiction is admiralty." *Glazer*, 2017 WL 1943953, at *3; *see also Iturrino Carrillo v. Marina Puerto del Rey Operations, LLC*, 432 F. Supp. 3d 7, 11 (D.P.R. 2019) ("[T]he vast majority of district courts considering this question have maintained that such lawsuits are not removable.") (citations omitted).  Furthermore, as Magistrate Judge Kiel indicated, the case law cited by Defendant in support of removal is unpersuasive.  Defendant contends it "relies primarily on the decision of the United States Court of Appeals for the Seventh Circuit in *Lu Junhong v. Boeing*, 792 F.3d 805, 817 (7th Cir. 2015) and the detailed analysis of the issue in *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013) to support its position" ECF No. 5 at 3.  However, the Saving to Suitors Clause was not invoked by plaintiffs in *Lu Junhong*, and therefore the decision did not reach a determination of whether the Clause remained viable after the enactment of the Amendment.  *Lu Junhong*, 792 F.3d at 818.  The decision in *Ryan*, analyzed in *Glazer*, 2017 WL 1943953, at *5, did not squarely address whether the Saving to Suitors Clause survived the

Amendment, as that argument was not raised by the parties. *Id.* (discussing *Ryan*, 945 F. Supp. 2d at 778). Moreover, the *Ryan* district judge acknowledged in a subsequent opinion that *Ryan* did not determine the effect of the Amendment on the viability of the Saving to Suitors Clause. 945 F. Supp. 2d at 778; *see also Glazer*, 2017 WL 1943953, at *5 (discussing *Sanders v. Cambrian Consultants (CC) Am., Inc.*, 132 F. Supp. 3d 853, 858 (S.D. Tex. 2015)). The remaining cases cited by Defendant are similarly unavailing. *See, e.g.*, *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (noting that the weight of authority has determined that *in personam* admiralty cases such as the instant action are not removable); and

**WHEREAS** the Court notes that the legislative history underlying the Amendment supports a finding that the Saving to Suitors Clause remained a valid bar to removal subsequent to the Amendment. ECF No. 12 at 9. Specifically, as Magistrate Judge Kiel found:

> [T]he Congressional Record presents a list of approximately sixteen issues addressed by the Amendment. 157 Cong. Rec. H1367, at 1369 (Feb. 28, 2011). The list is provided in conjunction with a statement that the Amendment is "intended to clarify a number of uncertainties and technical flaws in statutory provisions governing Federal court jurisdiction and venue that have come to light in recent years," and to "provid[e] … federal judges and members of the legal profession with clear guidelines regarding issues of jurisdiction and venue." *Id*. There is no mention of the Saving To Suitors Clause on the list. It is highly unlikely that the Amendment was intended "to overturn centuries of precedent" concerning the Saving To Suitors Clause in the absence of "a more explicit direction from Congress." *Glazer*, 2017 WL 1943953, at *6.

ECF No. 12 at 9; and

**WHEREAS** therefore, because Defendant has no independent basis for original subject matter jurisdiction, this Court holds that the Saving to Suitors Clause under 28 U.S.C. § 1333(1) precludes Defendant from removing this action. Accordingly, the Court grants Plaintiffs' motion to remand this matter to the Superior Court (ECF No. 4); and

**WHEREAS** as discussed above, Defendant alternatively requests, pursuant to 28 U.S.C. § 1292(b), that this Court certify for interlocutory appeal to the Third Circuit Court of Appeals the issue of whether the Amendment "negated" the saving-to-suitors clause.  ECF No. 5 at 7; and

**WHEREAS** a federal district court may only certify an order for interlocutory appeal under Section 1292(b) where the following criteria are met: "(1) the issue involve[s] a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and that (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation."  *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003).  "The party moving for certification bears the burden of demonstrating that all three of the statutory prerequisites are met."  *Meyers v. Heffernan*, No. 12-2434, 2014 WL 7336792, at *3 (D.N.J. Dec. 22, 2014).  Further, "[e]ven where these requirements are met, the decision to certify an appeal rests within the discretion of the Court." *Skoorka v. Kean Univ.*, No. 09-03428, 2014 WL 59744, at *4 (D.N.J. Jan. 6, 2014); and

**WHEREAS** a controlling question of law constitutes "every order which, if erroneous, would be reversible error on final appeal." *Katz v. Live Nation, Inc.*, No. 09-3740, 2010 WL 3522792, at *3 (D.N.J. Sept. 2, 2010) (citations omitted); and

**WHEREAS** a substantial ground for difference of opinion "must arise out of genuine doubt as to the correct legal standard."  *Id.* (citations omitted); and

**WHEREAS** a Section 1292(b) certification materially advances a litigation's ultimate termination where "the interlocutory appeal will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive."  *Id.* ("A critical factor is whether the interlocutory appeal will cause excessive delay.") (citations omitted); and

**WHEREAS** Defendant has failed to carry its burden of explaining why its application satisfies "all three statutory prerequisites" for certification of an order for interlocutory appeal under Section 1292(b); and

**WHEREAS** here, even if the jurisdictional question at issue constitutes a controlling question of law, federal courts, including this district, are generally in agreement that the Amendment did not displace the savings-to-suitors clause in this context.  Moreover, an interlocutory appeal regarding whether this Court, as opposed to the Superior Court, is the proper forum for this action would, if anything, delay, not hasten, the ultimate termination of this action; and

**WHEREAS** thus, the Court adopts Magistrate Judge Kiel's recommendation and declines to certify this matter for interlocutory appeal to the Third Circuit Court of Appeals.

**IT IS** on this 30th day of June, 2022,

**ORDERED** that Magistrate Judge Kiel's R&R (ECF No. 12) is adopted; and it is further

**ORDERED** that Plaintiffs' motion to remand this case to the Superior Court (ECF No. 4) is granted; and it is further

**ORDERED** that Defendant's request to certify this matter for interlocutory appeal to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b) (ECF No. 5) is denied; and it is further

**ORDERED** that Plaintiffs' request that the Court impose attorneys' fees and costs on Defendant pursuant to 28 U.S.C. § 1447(c) (ECF No. 6) is denied; and it is finally

**ORDERED** that the Clerk of the Court shall close this case.

**SO ORDERED**.

                                          s/ Claire C. Cecchi
                                          **CLAIRE C. CECCHI, U.S.D.J.**